**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Luke Adams, an individual,  )<br>            Plaintiff,    )<br>                     )<br>vs.                   )<br>                     )<br>Symetra Life Insurance Company, an Iowa)<br>corporation,               )<br>            Defendant.   )<br>_____) | No. CV-18-0378-TUC-JGZ (LAB)<br><br>**ORDER** |

Pending before the court is the defendant's motion, filed on April 9, 2020, for clarification and reconsideration of the court's order issued on March 26, 2020 that granted in part the plaintiff's previously filed motion to compel. (Doc. 242)

This matter was referred to Magistrate Judge Bowman pursuant to the Rules of Practice of this court. *See* LRCiv 72.1(c).

Discussion

The plaintiff, Robert Luke Adams, claims the defendant, Symetra Life insurance Company (Symetra), breached an insurance contract and breached the duty of good faith and fair dealing by failing to pay benefits due in accordance with his Long Term Disability Income Insurance Policy (Policy). (Doc. 1) Adams worked as "a self-employed insurance agent." (Doc. 1, p. 2) He maintains that he became disabled "no later than July 11, 2017" due to

1  rheumatoid arthritis and low back pain. (Doc. 1, p. 3) Symetra paid benefits starting October
2  9, 2017, but stopped paying benefits after one year. (Doc. 1, p. 3) Adams believes Symetra
3  stopped paying because of a term in the Policy that limits benefits if disability arises out of a
4  "special condition" – a "[m]usculoskeletal and connective tissue disorder[] of the neck and
5  back." (Doc. 1, p. 3)

6        On March 26, 2020, this court issued an order granting in part the plaintiff's previously
7  filed motion to compel compliance with certain Requests for Production (RFPs). (Doc. 237)
8  In the pending motion, Symetra moves for "clarification and reconsideration" of that order
9  pursuant to LRCiv 7.2(g). (Doc. 242)

10        "There is no Federal Rule of Civil Procedure specifically governing motions for
11  clarification." *United States v. All Assets Held at Bank Julius, Baer & Company*, 315 F.Supp.3d
12  90, 99 (D.D.C. 2018). "The general purpose of a motion for clarification is to explain or clarify
13  something ambiguous or vague, not to alter or amend." *Id.* " Although such a motion cannot
14  open the door to re-litigating a matter that the court has considered and decided, courts in [at
15  least one] circuit have encouraged parties to file motions for clarification when they are
16  uncertain about the scope of a ruling." *Id.* (punctuation modified)

17        A motion for reconsideration, on the other hand, invites the court to re-litigate a matter,
18  but it is appropriate in only "rare circumstances." *Defenders of Wildlife v. Browner*, 909 F.
19  Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where "the
20  district court (1) is presented with newly discovered evidence [that could not have been
21  presented earlier with reasonable diligence], (2) committed clear error or the initial decision was
22  manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No.
23  1J,Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* LRCiv
24  7.2(g) ("The Court will ordinarily deny a motion for reconsideration of an Order absent a
25  showing of manifest error or a showing of new facts or legal authority that could not have been
26  brought to its attention earlier with reasonable diligence.").

27        A motion for reconsideration should not be used for the purpose of asking a court "to
28  rethink what the court had already thought through – rightly or wrongly." *Defenders of*

- 2 -

1  *Wildlife*, 909 F. Supp. at 1351 (punctuation modified). A motion for reconsideration "may *not*
2  be used to raise arguments or present evidence for the first time when they could reasonably
3  have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d
4  877, 890 (9th Cir. 2000) (emphasis in original). Nor may a motion for reconsideration repeat
5  any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B.*
6  *Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003); LRCiv 7.2(g)(1). Mere
7  disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v.*
8  *Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

10  <u>Requests for Production (RFPs) 1 and 2</u>

11  RFPs 1 and 2 "ask for all files pertaining to any claims made on the Insurance Policy and
12  all Documents and Communications that refer to Plaintiff, the Insurance Policy, or Plaintiff's
13  Claim, including all underwriting documents, administrative documents, and Policy service files
14  and Communications." (Doc. 175, p. 5) (punctuation modified) Symetra argues generally that
15  these Requests for Production "go[] well beyond the issues in this lawsuit, which center on
16  *Plaintiff's* disability claim." (Doc. 242, p. 4) (emphasis in original) This argument was raised
17  in Symetra's response brief opposing the plaintiff's original motion to compel. It will not be
18  revisited here.

19  Symetra further explains that complying with these Requests to the extent ordered by the
20  court will be burdensome. Symetra asserts that compliance with the Requests will require
21  extensive redaction involving "approximately $30,000 (90 attorney hours and 80 paralegal
22  hours) to review and prepare the group underwriting file for production." Symetra moves that
23  this cost be shifted to the plaintiff. (Doc. 242, p. 5)

24  Symetra does not explain, however, why this argument could not have been made earlier
25  with reasonable diligence in its response to the plaintiff's motion to compel. *See* (Doc. 237, pp.
26  3-4) ("Symetra argues that the underwriting file is 'voluminous' and its production would be
27  'unduly burdensome.'" "It does not, however, provide any specifics from which the court could
28  judge its objection.") "A motion for reconsideration may *not* be used to raise arguments or

- 3 -

1 present evidence for the first time when they could reasonably have been raised earlier in the
2 litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

RFPs 3 and 6

Request for Production No. 3 asks for "Documents that evaluate the job performance of every employee, agent, and/or servant of Defendant who had direct, supervisory, or managerial responsibility for handling, investigating, processing, or adjudicating Plaintiffs [sic] Claim for the Relevant Time Period, which is defined as January 1, 2015 to January 10, 2019." (Doc. 175, p. 8) (punctuation modified)  The court overruled Symetra's objections and ordered it to respond to RFP 3.  (Doc. 237)

In the pending motion, Symetra states that it has performance evaluations from 2016 for Claim Manager Stephanie Cortez and her Unit Manager Karen Kirby.  (Doc. 242, p. 7)  It moves for a ruling that these document are not relevant or discoverable. *Id.*  It does not explain why the court should rule this way.  It does not produce any evidence that could not have been produce earlier.  It seems to be asking the court to rethink something that the court has already decided.  That is not a valid purpose for a motion for reconsideration.

Symetra reports that it has complied with RFP 6.

RFPs 4, 5, and 10

Symetra reports that it has no documents responsive to these Requests.  (Doc. 242, pp. 7-8)

RFPs 13 and 14

The court ordered Symetra to comply with these Requests and produce documents that reflect the amount of money paid to and the number of cases referred to the outside medical consultants, Vikram Garg, M.D., Frank Polonco, M.D., and their corporate employer MLS Group.  (Doc. 237, pp. 6-7)

- 4 -

Symetra argues in the pending motion that the court erred when it decided these Requests were relevant. (Doc. 242, pp. 8-10) It seems to be asking the court to rethink something that the court has already decided. That is not a valid purpose for a motion for reconsideration.

RFP 15 – 21

"In RFPs 15-21, Adams seeks documents that Symetra sent and received from the state Departments of Insurance during the approval process for the Disability Insurance Policy eventually issued to The Agents Association." (Doc. 237, p. 7) "He also seeks information concerning the actuarial pricing assumptions and loss ratio assumptions and/or expectations that relate to the Policy." *Id.*

The court ordered Symetra to produce the documents because they might shed light on the interpretation of Adams's policy, specifically the "Special Condition" limitation. (Doc. 237, p. 7) Moreover, they might produce relevant information about whether the Policy is governed by ERISA. *Id.*

Symetra argues in the pending motion that the court erred when it decided these Requests were relevant. (Doc. 242, p. 10) It seems to be asking the court to rethink something that the court has already decided. That is not a valid purpose for a motion for reconsideration.

IT IS ORDERED that the defendant's motion, filed on April 9, 2020, for clarification and reconsideration of the court's order previously issued on March 26, 2020 is DENIED. (Doc. 242)

DATED this 18th day of August, 2020.

*Leslie A. Bowman*

Leslie A. Bowman
United States Magistrate Judge

- 5 -