**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Luke Adams, | No. CV-18-00378-TUC-JGZ (LAB) |
| Plaintiff, | **ORDER** |
| v. | |
| Symetra Life Insurance Company, | |
| Defendant. | |

Pending before the Court is Magistrate Judge Leslie A. Bowman's Report and Recommendation (R&R) recommending that the Court deny Defendant Symetra Life Insurance Company's Motion for Partial Summary Judgment on ERISA. (Doc. 256.) Symetra filed an Objection to the R&R seeking de novo review and Plaintiff Robert Luke Adams filed a Response. (Docs. 259, 266.) Symetra seeks leave to file a Reply to address new factual assertions raised in the Response[1] (Doc. 268), which Adams opposes. (Doc. 271.) For the reasons stated in this Order, the Court will grant Symetra's Motion to File a Reply, adopt Judge Bowman's Report and Recommendation, and deny Symetra's Motion for Partial Summary Judgment on ERISA.

**I.  Standard of Review**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district

---

[1] In addition, Symetra seeks leave to file the Reply under seal as it contains information subject to a protective order. (Doc. 269.)

judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis omitted). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Further, a party is not entitled as of right to de novo review of evidence or arguments which are raised for the first time in an objection to the report and recommendation, and the Court's decision to consider them is discretionary. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

**II.    Background**[2]

This action arises out of Plaintiff Adams's claim for monthly benefits under a group disability policy that Symetra issued to The Agents Association (TAA). Adams asserts state law causes of action against Symetra for breach of insurance contract and breach of the duty of good faith and fair dealing. (Doc. 1.)

In its pending motion for partial summary judgment, Symetra asserts that ERISA provides Adams's exclusive remedy because (1) TAA is an "employee organization" under ERISA and it established or maintained a welfare benefit plan, and (2) Plaintiff Luke Adams, as an employer, purchased insurance coverage for Adams and at least two employees, thereby establishing a benefit plan subject to ERISA.

Magistrate Judge Bowman considered and rejected both arguments, concluding first that TAA was not an employee organization as defined by ERISA because TAA's members are independent contractors, and not employees, and, second, that Plaintiff Adams did not establish or maintain the Policy. Symetra objects to Judge Bowman's conclusions.

**III.   Discussion**

Generally, an employee welfare benefit plan is governed by ERISA if it is "established or maintained . . . by an employer or by an employee organization, or by

---

[2] The undisputed facts are set forth in the R&R. Neither party objects to the R&R's recitation of the facts. Notably, each party has submitted additional materials for this Court's review.

- 2 -

both . . . for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment, or vacation benefits . . . to the participants or their beneficiaries." *Kanne v. Connecticut Gen. Life Ins. Co.*, 867 F.2d 489, 482-92 (9th Cir. 1988) (internal quotation marks and citation omitted); *see also* 29 U.S.C. § 1002(1). The existence of an ERISA plan is a question of fact, to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable person. *Kanne*, 867 F.2d at 492 (citation omitted). As the party asserting the federal defense of preemption, Symetra bears the burden of proof. *Id.* at n.4.

### A.  TAA is Not an Employee Organization

The magistrate judge concluded that TAA was not an employee organization because it consisted of independent contractors, not employees. Symetra objects to this conclusion, asserting that TAA membership was open to both independent contractors and their employee staff members so long as the employee staff members are also agents with Farm Bureau. (Doc. 259, pp. 3-4.) Symetra notes that, at the very least, TAA provided benefits to some individuals who were employees and not independent contractors, for example, Ms. Hightower. (*Id.* at p. 3.) In support, Symetra cites *Yates v. Hendon*, 541 U.S. 1 (2004); *Peterson v. Am. Life & Health Ins. Co.*, 48 F.3d 404, 409 (9th Cir. 1995); *Ruttenberg v. U.S. Life Ins. Co.,* 413 F.3d 652 (7th Cir. 2005); and *Hollis v. Provident Life & Accident Ins. Co.,* 259 F.3d 410 (5th Cir. 2001).

On the undisputed facts, the Court concludes that TAA is not an employee organization. ERISA defines an employee organization as "labor union or any organization of any kind, or any agency or employee representation committee, association, group, or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning an employee benefit plan, or other matters incidental to employment relationships . . . ." 29 U.S.C. § 1002(4). The defining characteristic of TAA members is an independent contractor relationship with Farm Bureau Financial Services (FBFS). Although the materials cited by Symetra state that staff of FBFS agents are not required to join TAA to obtain group benefits (Doc. 270, p. 8 (citing Doc. 270-1, pp. 30,

32, 44)), TAA's executive director and corporate designee,[3] Scott Heidner, explained that staff of FBFS agents *cannot* become members of TAA unless they are Farm Bureau insurance agents. (Doc. 259, p. 3 (citing Doc. 226-2 at p. 17).) Throughout Adams's Controverting and Separate Statement of Facts and briefs, Adams asserts that Farm Bureau insurance agents are independent contractors. (Doc. 226, CSOF ¶ 19, SSOF ¶¶ 5, 11; Doc. 227, p. 4; Doc. 266, pp. 4-5.) Symetra does not argue or establish that a Farm Bureau insurance agent, like Adams, is anything other than an independent contractor.

Similarly, Symetra's reliance on the fact that Hightower obtained coverage even though she was not an independent contractor does not establish that TAA is an employee organization. Symetra does not argue or establish that Hightower was ever a TAA member. Notably, the materials Symetra points to clearly show that if staff is not a member of TAA, their Agent Employer must be. (Doc. 270-1, pp. 30, 32, 44.) Adams, Hightower's employer, was an independent contractor member of TAA. Therefore, the undisputed facts support the conclusion that TAA is not an employee organization; its membership is limited to a specific group of independent contractors, not employees. The cases cited by Symetra do not compel a different conclusion. The cases address the questions of who can be a "participant" or "beneficiary" under an ERISA plan and whether an employer has established EIRSA plan. The cases do not address the issue presented here—whether an entity is an employee organization.

**B.     Adams did not establish an ERISA policy**

The magistrate judge concluded that TAA, not Adams, established and maintained the subject policy. (Doc. 256, p. 8.) In reaching this conclusion, the magistrate judge considered the factors set forth in *Peterson v. Am. Life & Health Ins. Co.*, 48 F.3d 404, 408 (9th Cir. 1995), and found determinative the facts that Adams did not administer the coverage, choose the insurance, determine policy eligibility, or distribute information relevant to coverage in any official capacity. (*Id.*) Symetra objects to Judge Bowman's

---

[3] Heidner was designated to discuss "[r]estrictions on membership in TAA," in addition to other matters pertaining to TAA. (*See* Doc. 106, p. 4.)

conclusion, arguing that she "erred when she concluded that *the Luke Adams Agency* did not establish or maintain an employee welfare benefit plan." (Doc. 259, p. 5 (emphasis added).) Symetra contends that Judge Bowman misapplied *Peterson* and, even if *Peterson* established required criteria, the Policy at issue satisfied those requirements because the Luke Adams Agency obtained and paid for policies for Adams and two of the employees. (*Id*.at pp. 5-7.)

Symetra did not argue in its motion for summary judgment that the Luke Adams Agency established an ERISA policy by obtaining and paying for policies for Adams and two of the employees. Symetra argued that *Plaintiff Adams, as employer,* provided benefits to his employees and, by doing so, "Plaintiff (an employer)" established his own benefit plan that was subject to ERISA. (Doc. 200, p. 9.) In its Reply to the summary judgment motion, Symetra first presented its argument that the Luke Adams Agency obtained the policies. (Doc. 240, pp 2-4.) The magistrate judge considered only the argument presented in the motion and response which was reasonable given that the parties' undisputed statement of facts provided that Adams, not the Luke Adams Agency, obtained the benefits.[4] Furthermore, the magistrate judge was not required to consider an argument raised for the first time in a reply. *Delgadillo v. Woodford*, 527 F.3d 919, 930 n. 4 (9th Cir.2008) ("Arguments raised for the first time in [the] reply brief are deemed waived."); *Rawls v. Maricopa Cnty*., No. CV-10-231-PHX-GMS, 2010 WL 2927309, at *1 (D. Ariz. July 23, 2010) (same).

This Court notes that the parties, in their filings subsequent to the R&R, spend considerable time arguing whether Adams or the Luke Adams Agency obtained the policies, and both parties provide additional evidence in support of their positions. Although this Court has discretion to consider an issue raised for the first time in an

---

[4] In its statement of facts, Symetra asserted Plaintiff Luke Adams purchased long term disability coverage with Symetra for himself and one of his employees, and purchased critical illness/ cancer coverage, dental coverage, STD coverage, and vision coverage for another employee. (Doc. 201, ¶¶ 5, 40-42.) In his responsive statement of facts, Adams did not dispute Symetra's factual assertions. (Doc. 226, CSOF, ¶¶ 5, 40-42.)
.

- 5 -

objection, *see Brown*, 279 F.3d at 744, the Court declines to do so.  The argument raised is contrary to the undisputed facts and argument originally submitted by the parties in their summary judgment briefing.  Because all of Symetra's objections to the R&R on this issue pertain to an argument that was not presented in its motion, the Court cannot conclude that the magistrate judge erred.

**IV.  Conclusion**

For the foregoing reasons, the Court concludes that ERISA does not preempt Adams's state law claims.  Accordingly, IT IS ORDERED:

1. The Report and Recommendation (Doc. 256) is ACCEPTED and ADOPTED.  Defendant's Objection (Doc. 259) is OVERRULED.

2. Defendant's Motion for Leave to File a Reply in Support of its Objection to Report and Recommendation (Doc. 268) is GRANTED.

3. Defendant's Motion to File its Reply Under Seal (Doc. 269) is GRANTED.

4. Defendant's Motion for Partial Summary Judgment on ERISA (Doc. 200) is DENIED.

Dated this 3rd day of November, 2020.

Honorable Jennifer G. Zipps
United States District Judge