**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Luke Adams, | No. CV-18-00378-TUC-JGZ (LAB) |
| Plaintiff, | **ORDER** |
| v. | |
| Symetra Life Insurance Company, et al., | |
| Defendants. | |

Pending before the Court is Third-Party MLS's Objection to Magistrate Judge Leslie A. Bowman's Order granting Plaintiff Robert Luke Adams's Motion to Compel MLS to produce certain documents. (Doc. 238.) Adams filed a response to MLS's Objection and MLS filed a Reply.[1] (Docs. 245, 248.) For the following reasons, the Court will overrule the Objection in part and sustain it in part.

**I.  Standard of Review**

A district court judge may reconsider any pretrial matter referred to a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). "The clearly erroneous standard applies to the magistrate judge's factual findings while the contrary to

---

[1] The Court will strike MLS's Reply as improperly filed. MLS did not seek leave to file a reply. Rule 72(a), of the Federal Rules of Civil Procedure "'authorizes the filing of objections to a magistrate judge's ruling on non-dispositive matters and contemplates that the other party will be given an opportunity to respond to those objections. It does not, however, provide for a reply brief by the objecting party.'" Charles Alan Wright & Arthur R. Miller, 13 *Fed. Prac. & Proc.* § 3505 (3d ed.) (quoting *Holick v. Burkhart*, No. 16-1188-JWB-KGG, 2018 WL 4052154, * 4 (D. Kan. Aug. 28, 2018)).

law standard applies to the magistrate judge's legal conclusions, which are reviewed de novo." *BeJaran v. Corizon Inc.*, No. CV17-00754-PHX-DJH (JFM), 2018 WL 9619357, at *1 (D. Ariz. Feb. 23, 2018) (internal quotes and citation omitted).

Under the clear error standard, a reviewing court must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed. *Easley v. Cromartie*, 532 U.S. 234, 242, (2001); *see also In re Optical Disk Drive Antitrust Litigation,* 801 F.3d 1072*,* 1076 (9th Cir. 2015). Factual findings are not clearly erroneous if they "are plausible in light of the record viewed in its entirety." *Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002). "The district judge may not simply substitute his or her judgment for that of the magistrate judge." *BeJaran*, 2018 WL 9619357, * 1 (internal quotes and citation omitted). Further, "[c]ourts have held that in reviewing discovery disputes, the Magistrate [Judge] is afforded broad discretion, which will be overruled only if abused." *Forbes v. Hawaiian Tug & Barge Corp.*, 125 F.R.D. 505, 507 (D. Haw. 1989) (internal quotes and citations omitted). A magistrate judge's legal conclusions are contrary to law when they omit or misapply the relevant law. *Mogal v. Maricopa Cty. Bd. of Supervisors*, 284 F.R.D. 452, 459 (D. Ariz. 2012).

**II.     Discussion**

   **A.     Background**

Adams filed the instant action alleging that Defendant Symetra Life Insurance Company breached an insurance contract and breached the duty of good faith and fair dealing by failing to pay benefits in accordance with Adams's long-term disability income insurance policy. (Doc. 1.) Adams seeks punitive damages in addition to other relief. (*Id*.)

Symetra denied Adams's benefits based primarily on reports authored by Drs. Frank Polanco and Vikram Garg. (Doc. 221, p. 2.) Symetra obtained the doctors' reviews through its association with nonparty MLS. (*Id*.) MLS pays a panel of doctors, who work as independent contractors, to prepare reports for MLS's clients, like Symetra. (Doc. 238, pp. 2, 11.) MLS contracts with these physicians to provide medical examinations and functional capacity evaluations for MLS's clients. (*Id*.) Drs. Polanco and Garg provided

their services on an independent-contractor basis.[2] (*Id.* at p. 2.)

On February 25, 2019, Adams served MLS with a subpoena for records relating to its analysis of Adams's medical impairments. (Doc. 221, p. 2.) MLS complied to some extent, but refused to produce two categories of subpoenaed documents: "(1) [a]ll notes relating to Robert Luke Adams, including but not limited to, all notes from interview, rough drafts, and telephone conversations relating to Robert Luke Adams, and (2) prior reports authored by Drs. Garg and Polanco on behalf of MLS between January 1, 2015 to the present." (Doc. 221, p. 2; *see also* Doc. 184-1, p. 9.) In December 2019, after nine months, including five months of discussion, Adams filed a motion to compel on the last day of discovery. (Doc. 179.) Adams seeks production of the two categories of documents listed above.

MLS opposed Adams's motion to compel on several grounds. MLS argued that the motion was untimely, the prior reports of the doctors are not relevant, and production would impose a significant burden on MLS. (*See* Doc. 184.) MLS also argued that even if Adams could establish entitlement to the prior reports, the motion to compel should not be granted because Adams had a duty to first seek those documents from Defendant Symetra. (*Id.*)

The magistrate judge granted Adams's motion to compel. In assessing the parties' arguments, the magistrate judge applied the correct legal standard. The Report provides:

> In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the

---

[2] MLS argues that the magistrate judge's description of MLS's business is inaccurate. (Doc. 238, p. 11.) MLS takes issue with the magistrate judge's statements that Symetra hired MILS "to review the medical records and assess [Plaintiff's] claim'" and with the magistrate judge's reference to Drs. Polanco and Garg as "MLS doctors." (*Id.* (quoting Doc. 221, p. 2).) As noted above, MLS provides a platform that facilitates medical reviews conducted by independent physicians. The doctors do not prepare reports on behalf of MLS, but rather prepare reports on behalf of MLS's customers, like Symetra, through the doctors' affiliation with MLS. (*Id.*) The Court will accept MLS's description of its business.

proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).
"[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

(Doc. 221, pp. 2-3). The magistrate judge rejected MLS's argument that the motion should be denied as untimely in light of the parties' months-long conferral process and lack of prejudice to MLS. The magistrate judge also concluded that the prior reports were relevant to the issue of bias and that the use of biased doctors is some evidence of bad faith. The magistrate judge also concluded that the doctors' notes in the first category of documents at issue were not protected from disclosure.[3] Finally, the magistrate judge rejected MLS's arguments that production of the requested documents was overly burdensome.

MLS argues that the magistrate judge failed to properly apply various mandatory discovery limitations of Rule 26 of the Federal Rules of Civil Procedure and that the motion to compel is untimely. (Doc. 238, pp. 5-9.) MLS requests that if the Court overrules its objections, that the Court order Adams to pay MLS's expenses and order that the existing protective order be modified to extend to the prior reports. (*Id.* at p. 11 & n.3.)

**III. Discussion**

"Federal Rules of Civil Procedure 26 and 45 govern discovery from nonparties by subpoena." *In re Uehling*, No. 1:14-MC-00009-LJO, 2014 WL 1577459, at *3 (E.D. Cal. Apr. 17, 2014) (citing *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994)). The district court has broad discretion in supervising discovery and striking a balance between disclosure and non-disclosure. *In re Uehling*, 2014 WL 1577459 at *3.

//
//

---

[3] In its Objection, MLS does not challenge this conclusion and does not assert its earlier argument that the doctors' notes are protected as expert draft reports or disclosure.

- 4 -

**A.    The magistrate judge's decision that Adam's motion to compel was timely is not contrary to the law.**

The magistrate judge rejected MLS's argument that Adams's motion to compel should be denied as untimely because it was filed on the last day of discovery, and more than nine months after MLS first responded to Adam's February 25, 2019 subpoena. The magistrate judge cited MLS's concession that the parties engaged in discussions for approximately five months in an attempt to resolve the issues. (Doc. 221, p. 4.) The magistrate judge acknowledged that Adams's filed his motion to compel four months after those discussions ended, but concluded that "while there might have been unnecessary delay, there is no showing that this delay resulted in any prejudice." (*Id.*)

In its Objection, MLS argues that the magistrate judge's determination is contrary to the law because it improperly shifted the burden to MLS to establish prejudice. (Doc. 238, p. 10.) According to MLS, Rule 26(b)(2)(C)(ii)[4] places the burden on the party seeking discovery to demonstrate that he diligently pursued the requested discovery. (*Id.*)

Because the Federal Rules of Civil Procedure do not specify a time limit for filing a motion to compel, the timeliness of a motion to compel is determined based on the circumstances specific to that case. *RKF Retail Holdings LLC v. Tropicana Las Vegas, Inc.* No. 214-CV-01232-APG-GWF, 2017 WL 2908869, * 5 (D. Nev. July 6, 2017); *see also In re Sulfuric Acid,* 231 F.R.D. 331, 337 (N.D. Ill. 2005) (motions to compel filed after the close of discovery are almost always deemed untimely, but "[g]reater uncertainty occurs where the motion is very made close to the discovery cut-off date."). When determining whether a motion to compel is untimely filed, courts have considered various non-exhaustive factors, including: (1) the length of time since the expiration of the discovery deadline, (2) the length of time the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for tardiness or

---

[4] Rule 26(b)(2)(C)(ii) provides that the Court, "[o]n motion or on its own, . . . must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . .the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."

- 5 -

delay, (5) whether dispositive motions have been scheduled or filed, (7) the age of the case, (8) any prejudice to the party from whom late discovery is sought, and (9) disruption of the court's schedule. *U.S. E.E.O.C. v. Pioneer Hotel, Inc.*, No. 211-CV-01588-LRH-GWF, 2014 WL 5045109, at *1 (D. Nev. Oct. 9, 2014) (considering these factors when determining timeliness of motion to compel filed on the last day of discovery) (citation omitted). Here, the magistrate judge properly considered prejudice in addition to other factors in concluding that Adams's motion should not be dismissed on the basis of untimeliness. Although this Court might have reached a different conclusion, the Court finds that the magistrate judge did not abuse her discretion or misapply the law in considering the motion timely.

**B.    The magistrate judge's order requiring MLS to produce prior reports of Drs. Polanco and Garg is contrary to the law to the extent the reports are unrelated to Adams or to Symetra.**

MLS argues that the magistrate judge's order to produce approximately 530 prior reports[5] that Drs. Polanco and Garg completed for various MLS clients is contrary to the law for several reasons, including that the reports are not relevant and can be obtained from other more convenient, less burdensome sources. The Court agrees.

The prior reports by Drs. Polanco and Garg are discoverable if, among other things, they are relevant and important to resolving the issues. Fed. R. Civ. P. 26(b)(1). The reports that the doctors prepared for insurers other than Symetra are not relevant to Adams's claim that Symetra acted in bad faith because Adams does not show that Symetra knew about the content or outcomes of those reports. If Symetra did not know of the content or outcomes, it could not have relied on that information in assessing Adams's claim. In contrast, the reports the doctors prepared for Symetra could show that Symetra

---

[5] The Court notes that Plaintiff agreed to limit the relevant time period for the prior reports to January 1, 2015 to January 1, 2019. (Doc. 245, p. 9.) During that period, Drs. Polanco and Garg completed 9 reports for Symetra (two of which addressed Adams's claims) and 151 reports for other insurers. (Doc. 184, p. 6.) The magistrate judge's order did not reflect this time limitation. Without the limitation, it appears that MLS possessed 530 responsive reports. (Doc. 238, p. 3 n.2.)

- 6 -

was aware of bias on the doctors' part in favor of the insurer, and these reports are, therefore, relevant.[6] *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1011 (9th Cir. 2004) (stating in bad faith case that "[e]vidence showed that in thirteen out of thirteen cases involving claims for disability, Dr. Swartz rejected the insured's claim that he or she was totally disabled.")[7]

In addition, Rule 26(b)(2)(C)(ii) mandates that the Court limit discovery where the "discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." "Rule 45 imposes a mandatory responsibility on th[e] court to protect nonparties from unduly burdensome discovery." *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-CV-01967 CW NC, 2012 WL 4846522, at *2 (N.D. Cal. Aug. 7, 2012) (citing Fed. R. Civ. P. 45(c)(1)). Courts generally hold that where an opposing party and a nonparty both possess documents, the documents should be sought from the party to the case. *Callwave Commc'ns LLC v. Wavemarket, Inc.*, No. C 14-80112-JSW (LB), 2014 WL 2918218, *4 (N.D. Cal. June 26, 2014) (collecting cases). "Consequently, where plaintiffs have not shown they attempted to obtain documents from the defendant in an action prior to seeking the documents from a non-party, a subpoena duces tecum places an undue burden on a non-party." *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012).

---

[6] The Court rejects Adams's arguments that MLS, as a nonparty, may not challenge relevancy and that MLS's failure to timely object to the subpoena waived any relevancy challenge. "[I]f the sought-after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon [a nonparty] would be by definition 'undue.'" *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 335–36 (N.D. Cal. 1995) (discussing non-party's standing to raise relevancy objection to subpoenaed documents); *see also Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) (nonparty's failure to file objection to the subpoena did not waive relevancy challenge "[i]n light of the overbroad nature of the subpoena served by plaintiffs on [the] nonparty.").

[7] MLS's reliance on *Cheatwood v. Christian Bros. Servs,* No. 2:16-cv-2946-HRH, 2018 WL 287389, *4 (D. Ariz. Jan. 4, 2018), to challenge relevance is not persuasive in light of the Ninth Circuit's consideration of similar evidence in *Hangarter*. Additionally, the prior reports in *Cheatwood* were of questionable relevance because the reports concerned a medical necessity review. Because such reviews "are likely only sought in questionable cases, [the court found] it would not be surprising if many of Dr. Bledsoe's other reviews were favorable to the insurer, thereby calling into question the relevancy of these reviews to plaintiffs' bad faith claim." *Cheatwood,* 2018 WL 287389 at *3.

Adams concedes that he did not request the doctors' reports commissioned by Symetra from Symetra. Adams suggests it would be easier for MLS to provide those documents than it would for Symetra because the reports in Symetra's possession "presumably would only be found within other insureds' claim files, whereas MLS receives the reports directly from the Drs., which never end up in a claim file." (Doc. 245, p. 8.) Symetra's inability to retrieve the documents has not been established. Admittedly, Symetra would not be able to produce those doctors' reports that were never provided to it.[8] But here, there are nine reports at issue, all of which would be in Symetra's possession, and two of which have already been produced. Because "[t]here is simply no reason to burden nonparties when the documents sought are in possession of the party defendant," *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007), the Court will sustain MLS's Objection.

In contrast, it does not appear that Symetra would have possession of the first category of documents at issue: all notes by MLS or its employees, agents or contractors that relate to Robert Luke Adams, including notes from interview, rough drafts, and telephone conversations relating to Robert Luke Adams. Accordingly, the Court will overrule MLS's Objection as to these documents and order MLS to produce them. The Court sees no basis for shifting to Plaintiff the cost of production of this limited category of documents.

**IV.    Conclusion**

For the foregoing reasons,

IT IS ORDERED MLS's Objection (Doc. 238) to Magistrate Judge Leslie A. Bowman's Order granting Plaintiff's motion to compel is SUSTAINED in part and

---

[8] While it makes sense for Adams initially to have directed to MLS a subpoena seeking all 530 (later 160) reports prepared by Drs. Polanco and Garg for any of MLS's clients, not just Symetra, once it became apparent, nine months before the close of discovery, that MLS opposed this discovery, Adams had the opportunity in the following nine months to subpoena Symetra for the reports in Symetra's possession. That Adams did not do so, instead filing a motion on the last day of discovery to compel MLS to provide the reports, including those also in Defendant Symetra's possession, does not show due diligence.

OVERRULED in part, and Plaintiff's Motion to Compel Discovery (Doc. 179) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED MLS shall produce within thirty (30) days of the date of this Order, all notes in its possession by MLS or its employees, agents or contractors related to Robert Luke Adams, including but not limited to, all notes from interview, rough drafts, and telephone conversations relating to Robert Luke Adams.

Dated this 3rd day of November, 2020.

_____
Honorable Jennifer G. Zipps
United States District Judge