**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Luke Adams, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>Symetra Life Insurance Company, an Iowa corporation,<br><br>    Defendant. | No. CV-18-0378-TUC-JGZ (LAB)<br><br>**ORDER** |

Pending before the court is the plaintiff's motion, filed on December 31, 2020, for sanctions and to modify the scheduling order. (Doc. 289) The defendant filed a response on January 22, 2021. (Doc. 296) The plaintiff filed a reply on February 19, 2021. (Doc. 306)

This matter was referred to Magistrate Judge Bowman pursuant to the Rules of Practice of this court. *See* LRCiv 72.1(c).

The motion will be denied.

Background

The plaintiff, Robert Luke Adams, claims the defendant, Symetra Life insurance Company (Symetra), breached an insurance contract and breached the duty of good faith and fair dealing by failing to pay benefits due in accordance with his Long Term Disability Income Insurance Policy (Policy). (Doc. 1) Adams worked as "a self-employed insurance agent."

(Doc. 1, p. 2)  He maintains that he became disabled "no later than July 11, 2017" due to rheumatoid arthritis and low back pain. (Doc. 1, p. 3) Symetra paid benefits starting October 9, 2017, but stopped paying benefits after one year. (Doc. 1, p. 3) Adams believes Symetra is relying on a term in the Policy that limits benefits if disability arises out of a "special condition" – a "[m]usculoskeletal and connective tissue disorder[] of the neck and back." (Doc. 1, p. 3)

When Adams first applied for benefits, Symetra hired MLS Group (MLS) to review the medical record and assess his claim. (Doc. 179, p. 7); (Doc. 289, p. 2)  MLS "is a leading . . . provider of . . . Independent Medical Examinations . . . ." (Doc. 179, p. 7)  MLS physicians Frank Polanco and Vikram Garg reviewed the medical record and offered their opinions of Adams's ability to work. (Doc. 179, p. 10); (Doc. 289, p. 2)  On February 25, 2019, Adams served MLS with a subpoena for records relating to its analysis of Adams's medical impairments. (Doc. 179, pp. 12-13); (Doc. 289, p. 2)  MLS complied to some extent, but it denied discovery of some categories of documents. *Id*.  Specifically, MLS failed to disclose "[a]ll notes relating to Robert Luke Adams, including but not limited to, all notes from interviews, rough drafts, and telephone conversations relating to Robert Luke Adams." (Doc. 179, p. 13)  "After nearly half a year of attempting to resolve the discovery dispute," Adams filed a motion to compel on December 13, 2019, the last day of discovery. (Doc. 179); (Doc. 284, p. 5)

This court granted the motion to disclose documents in spite of the fact that the motion was filed on the last day of discovery. (Doc. 221)  The court noted that "while there might have been unnecessary delay, there is no showing that this delay resulted in any prejudice." (Doc. 221)  MLS subsequently filed an objection to the discovery order, which was denied by the District Court as it related to these documents. (Doc. 284)  The District Court noted that this court did not dismiss the motion as untimely and observed that, while the court's analysis was not an abuse of discretion, reasonable minds could have reached a different conclusion. (Doc. 284, p. 6)

MLS eventually disclosed 113 pages of documents on December 3, 2020. (Doc. 289, p. 3)  Among those documents were earlier drafts of the Polanco and Garg medical reports.

- 2 -

These earlier drafts differ in significant ways from the doctors' previously disclosed final reports. Adams believes these drafts are evidence that the defendant, Symetra, is improperly influencing these supposedly "independent" medical reports. He subsequently filed the pending motion in which he moves that this court extend the discovery deadline to permit him to conduct five depositions designed to reveal who made the edits and why. (Doc. 289, p. 1) He further moves that this court order Symetra to pay the costs and attorney's fees associated with those depositions and the fees associated with bringing the pending motion. (Doc. 289, p. 17)

Discussion

"In general, the pretrial scheduling order can only be modified upon a showing of good cause." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (punctuation modified); *see also* Fed.R.Civ.P. 16(b)(4). The determination of good cause ordinarily turns on the movant's diligence. "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Id*.

On this record, the court cannot say that Adams has been diligent overall. Since receiving the additional discovery from MLS, he has acted diligently. But the court cannot overlook the fact that he is asking to conduct follow-up discovery on documents that he obtained as a result of a motion to compel filed on the last day of discovery. When a party files a motion to compel on the last day of discovery, it is within the court's discretion to deny the motion as untimely. *See, e.g., Gerawan Farming, Inc. v. Rehrig Pac. Co.*, 2013 WL 492103, at *5 (E.D. Cal. 2013) (denying motions to compel filed on the last day of discovery and collecting cases). Where, as here, the court grants such a motion, the movant should not be too surprised if the court's indulgence extends to that particular motion and no farther.

This action was filed on August 3, 2018, almost three years ago. (Doc. 1) The scheduling order issued on November 5, 2018. (Doc. 23) The discovery deadline, which was originally set for November 1, 2019, was extended once by stipulation. (Doc. 88) The amended discovery deadline expired on December 13, 2019, eighteen months ago. (Doc. 88) The defendant's motions for summary judgment were denied in November of 2020. (Doc. 281);

(Doc. 283)  There remains outstanding a motion to reconsider, but that motion is now almost seven months old and should be resolved soon.  (Doc. 285)  The time for discovery has past.  *See also* Fed.R.Civ.P. 1; *see, e.g., Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) ("We decline to limit the district court's ability to control its docket by enforcing a discovery termination date, even in the face of requested supplemental discovery that might have revealed highly probative evidence, when the plaintiff's prior discovery efforts were not diligent.").

IT IS ORDERED that  the plaintiff's motion, filed on December 31, 2020, for sanctions and to modify the scheduling order is DENIED.  (Doc. 289)

DATED this 14th day of June, 2021.

_____
Leslie A. Bowman
United States Magistrate Judge