**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Luke Adams,<br><br>    Plaintiff,<br><br>v.<br><br>Symetra Life Insurance Company, et al.,<br><br>    Respondents. | No. CV-18-00378-TUC-JGZ (LAB)<br><br>**ORDER** |

On November 3, 2020, the Court adopted Magistrate Judge Leslie A. Bowman's Report and Recommendation (R&R) to deny Defendant Symetra Life Insurance Company's Motion for Partial Summary Judgment on ERISA. (Doc. 281.) Symetra now seeks reconsideration of that Order. (Doc. 285). The Court called for a response to the motion for reconsideration pursuant to LRCiv 7.2(g)(2), and Plaintiff filed a Response. (Docs. 286, 287.) After an independent review of the parties' filings and the record, the Court will grant both Symetra's motion for reconsideration and the motion for partial summary judgment.

**I.    Motion for Reconsideration**

In the R&R, the magistrate judge concluded that The Agents Association (TAA) established and maintained the insurance policy at issue, not Plaintiff Adams. (Doc. 265 at 8.) Symetra filed an Objection to that conclusion, arguing that the Adams Group PLLC ("Luke Adams Agency") established an ERISA policy by obtaining and paying for policies for Adams and two of his employees. (Doc. 259 at 5-7.)

In denying Symetra's motion for summary judgment, this Court declined to consider Symetra's objection that the Luke Adams Agency established the ERISA policy, concluding the objection was contrary to the undisputed facts and argument originally submitted by the parties that Luke Adams, as an individual, established the ERISA plan. (Doc. 281 at 4-6.) However, Symetra has pointed out that it did originally argue that "Plaintiff (as an employer)," i.e., Luke Adams Agency, established an ERISA plan. (Doc. 200 at 2.) Further, the parties agree that the Court's distinction (between Adams as an individual and the Luke Adams Agency) was immaterial. Therefore, the Court should have addressed Symetra's underlying argument. Accordingly, the Court will reconsider its order denying summary judgment, consider Symetra's original objection, and assess whether Plaintiff's disability policy was an ERISA policy established or maintained by the Luke Adams Agency.[1] *See* LRCiv 7.2(g)(1) (reconsideration is proper if matters were "overlooked or misapprehended by the Court").

**II.   Standard of Review**

When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Further, a party is not entitled as of right to de novo review of evidence or arguments which are raised for the first time in an objection to the report and recommendation, and the Court's decision to consider newly-raised arguments is discretionary. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002); *United States v. Howell*,

---

[1] The Court disagrees with Adams's assertion that in adopting the R&R, the Court rejected Symetra's argument that Luke Adams Agency established an ERISA plan. The Court expressly declined to consider Symetra's objection that the agency established an ERISA plan, concluding the argument had been waived. (Doc. 281 at 4-6.)

231 F.3d 615, 621-22 (9th Cir. 2000).

"The existence of an ERISA plan is a question of fact, to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable person." *Kanne v. Conn. Gen. Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir. 1988). Symetra has the burden to prove the facts necessary to establish that ERISA applies. *Id.* at 492 n.4 (the party asserting a claim of ERISA preemption has the burden of providing the facts necessary to establish the defense).

### III.     Background

Adams owned his own insurance agency, Luke Adams Agency.[2] (Doc. 256 at 3.) Adams sold insurance for Farm Bureau Financial Services (Farm Bureau). (*Id.*)  As a Farm Bureau agent, Adams was eligible for membership in The Agents Association (TAA), which "represents the interests of Farm Bureau Agents." (*Id.*) TAA offers its members and its members' employees a group, long-term disability policy. (*Id.* at 3-4.) Adams, through TAA, purchased long-term disability coverage effective February 18, 2013. (Doc. 201, DSOF at ¶ 5; Doc. 226, CSOF at ¶ 5.) At that time, TAA's long-term disability plan for its members was funded through a group insurance policy issued by Symetra. (Doc. 201, DSOF at ¶ 30; Doc. 226, CSOF ¶ 30.)

In 2013, Luke Adams Agency employed Kim Hightower. (Doc. 266-1, ¶ 5.) Hightower desired to take advantage of the group, long-term disability benefits available through TAA. (*Id.*)  Luke Adams Agency agreed to provide Hightower with the TAA long-term disability benefits by paying for the cost. (*Id.*) Hightower's coverage was effective between January 1, 2017 and July 31, 2018. (Doc. 201, DSOF at ¶ 41; Doc. 226, CSOF at ¶ 41.) Adams paid for the cost of his and Hightower's coverage through his Farm

---

[2]     The parties filed statements of facts, but also submitted additional facts and exhibits in various filings during the briefing on the motion for summary judgment. Although the Rules do not permit the additional factual briefing submitted by the parties in this case, neither party objected nor filed a motion to strike the additional briefing. *See* LRCiv 56.1(a)-(b). The Court has reviewed the original statements of undisputed facts, the parties' filings, and both parties' additional facts and exhibits, and sets forth those undisputed facts relevant to resolution of the motion.

- 3 -

Bureau commissions, which were submitted in a lump sum to Symetra.[3] (Doc. 201 DSOF at ¶¶ 38, 46; Doc. 226, CSOF at ¶¶ 38, 43.)

Adams and Hightower's long-term disability policies through TAA were not completely identical but had similar terms; eventually both Adams and Hightower were covered under the same group policy issued by Symetra. (Doc. 266 at 10; Doc. 282 at 2; Doc. 226-3 at 5-6.) Hightower ceased working for Adams in approximately 2017. (Doc. 266-1 at ¶ 8.) After Hightower left Adams's employment, Hightower's long-term disability coverage lapsed because she was no longer an employee of a TAA member. (*Id.* at ¶ 10.)

Adams submitted his disability claim to Symetra on January 22, 2018, alleging disability beginning on July 11, 2017.[4] (Doc. 203, DSOF at ¶ 3; Doc. 230-1, CSOF at ¶ 3; Doc. 1 at 3.)

**IV.   Discussion**

ERISA applies to an "employee welfare benefit plan" that is "any plan, fund, or program . . . established or maintained . . . by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, []medical, surgical, hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits[.]" 29 U.S.C. § 1002(1). "The regulations implementing this section provide that a plan 'under which no employees are

---

[3] From January 1, 2014 through November 2018, Adams also provided for critical illness/cancer coverage, dental coverage, and short-term disability coverage for employee Merien Alexander. (Doc. 201, ¶¶ 42, 43; Doc. 226, CSOF, ¶¶ 42, 43; *see also* Doc. 266-1, ¶ 5.) However, the parties do not discuss Alexander in much detail, presumably because the coverage that was extended to Hightower is sufficient to establish a plan subject to ERISA, as is discussed in this order.

[4] The record includes a potential factual discrepancy concerning the final date of Hightower's coverage. Adams alleges that when Hightower left his employment in "approximately 2017 due to illness," her long-term disability coverage "lapsed (and she was no longer entitled to benefits since she was no longer an employee of a TAA member)." (Doc. 266-1 at 3-4.) At the same time, the parties agree that Hightower's policy was effective until July 31, 2018. (Doc. 201, DSOF at ¶ 41; Doc. 226, CSOF at ¶ 41.) Plaintiff does not argue that Hightower's coverage ended before the onset of Plaintiff's disability or that Hightower's exit from the plan is relevant to the determination of whether Adams's policy was part of an ERISA-governed plan. In fact, Adams appears to argue that his coverage was unaffected. (Doc. 266 at 10-11.)

participants' does not constitute an ERISA employee benefit plan." *Peterson v. Am. Life & Health Ins. Co.*, 48 F.3d 404 (9th Cir. 1995). "Neither an owner of a business nor a partner in a partnership can constitute an 'employee' for purposes of determining the existence of an ERISA plan." *Id.* However, a plan that meets ERISA's statutory definition, 29 U.S.C. § 1002, and covers working owners and nonowner employees, is subject to ERISA. *Raymond B. Yates, M.D. P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1, 21 (2004).

It is clear that, at the time of its inception in 2013, the disability plan covering Adams was not subject to ERISA because it only covered Adams, who was an owner. The issue that must be decided is whether Luke Adams Agency subsequently established an employee benefit plan or program when it extended benefits to and purchased insurance for two of its employees, including one of whom obtained long-term disability coverage under the same group policy as Adams' policy.

The Ninth Circuit addressed this issue in *LaVenture v. Prudential Ins. Co. of Am.*, 237 F.3d 1042, 1047 (9th Cir. 2001). In *LaVenture*, a company purchased disability insurance coverage solely for the owner-plaintiff and her husband. *LaVenture*, 237 F.3d at 1044-45. One year later, the company hired its first full-time employee and purchased health insurance for that employee, and did the same for two additional employees at a later date. *Id.* at 1044. The company did not offer the employees disability insurance. *Id.* The issue presented to the court was whether the owner's disability insurance policy became an ERISA plan at the time the owner's business provided health insurance benefits to its employees. *Id.* at 1045–46. The *LaVenture* court concluded that it did not. The court concluded that ERISA applies to an employee benefit plan when either (1) an owner and employee are on the same benefit plan, or (2) the owner and employee are on different plans that are "intertwined so as to constitute one overall benefit plan." *Id.* at 1047. The court first found that the owner-plaintiff's disability policy was not subject to ERISA because "no one other than the [owners of the company] has ever been provided any disability benefit or disability insurance." *Id.* The court stated that "[i]n light of the clear exclusion of benefit plans covering only owners from ERISA's scope, . . . it makes little

sense to treat a benefit plan, which covers only a business owner as part of the employer's employee benefit plan." *Id.* (internal quotation marks and citation omitted). The court also found, considering the case-specific facts, that there "was no evidence to establish that the disability policy and health plan were intertwined so as to constitute an overall benefits plan." *Id.* The court noted that the policies bore no relationship to one another because they were purchased at different times; there was no evidence that the two plans were initially established with the intent to create one benefit plan; and the disability insurance plan had not covered or paid any benefits to any employees. *Id.*

Looking to the plain meaning of 29 U.S.C. § 1002(1) and applying the principles set forth in *LaVenture*, the Court concludes that Adams's long-term disability policy is subject to ERISA. The Court finds that, on the undisputed facts, Luke Adams Agency established an employee benefit plan when it, through the purchase of insurance, provided group, long-term disability coverage to Adams and Hightower. Although Hightower was not initially covered under the same policy as Adams, this changed in April 2017 when Hightower's coverage was provided through the same group, long-term policy as Adams's coverage: Luke Adams Agency purchased the coverage through the same organization and paid both premiums using commission payments, which were submitted by lump sum to the insurance company.

For these same reasons, the Court also finds that Adams's and Hightower's plans were sufficiently "intertwined" so as to constitute one overall benefit plan. Although the plans were not identical (their coverage differed slightly because the policies fell in different classes within one group policy), the plans were intertwined because they were for the same type of benefits, offered through the same organization, were part of the same general benefits package,[5] were provided by the same insurer, under the same group policy, and were paid for by Luke Adams Agency. *See Steigleman v. Symetra Life Ins. Co.,* No. CV 19-8060-PCT-ROS, 2021 WL 778605, *12, 6-13 (D. Ariz. March 1, 2021) (applying

---

[5] Although TAA established the underlying benefits package, Luke Adams Agency established an ERISA plan when it, "through the purchase of insurance or otherwise," 29 U.S.C. § 1002(1), adopted the same package as its own by offering the coverage to its employees and paying for the policies.

- 6 -

*LaVenture* to similar facts and summarizing other circuit case law to conclude ERISA applied); *see also Greger v. Unum Grp.*, No. 8:15-cv-01975-JFW-PJW, 2016 WL 7495477, *4 (C.D. Cal. Apr. 8, 2016) (finding single long-term disability policy constituted an ERISA plan even though the partners' coverage was in a different class than the employee's coverage).

The Court further notes that a judge of this Court recently found that ERISA applied under nearly identical facts. *See Steigleman*, 2021 WL 778605, *6-13. In that case, the business owner, Steigleman, purchased the same Symetra long-term disability policy through TAA that Adams purchased, and later paid for coverage for employees under that same policy. *Id.* The court considered the extent that that the two disability policies were intertwined. *Id.* The court found that any differences in coverage available to Steigleman and her employees were slight and "pale[d] in comparison to the difference between for example, health insurance and disability insurance." *Id.* The court noted that the "plans were for the same type of benefits, through the same insurer, all paid for by the Steigleman Insurance Agency." *Id.*; *cf. LaVenture*, 237 F.3d at 1044 (noting that no one other than the owner had been offered any disability benefits or insurance). The court, therefore, concluded the plans were sufficiently intertwined to establish that Steigleman's agency offered a single ERISA-governed plan. *Id.*

For the foregoing reasons, the Court will dismiss Adams's state law claims as preempted by ERISA. The Court will allow Adams to file an amended complaint under ERISA and will order the parties to file a proposed schedule for the remainder of the case, if Plaintiff decides to proceed under ERISA.

V.  **Conclusion**

   **IT IS ORDERED**:

   1. Defendant Symetra Life Insurance Company's Motion for Reconsideration (Doc. 285) is **GRANTED**.
   2. The November 2, 2020 Order (Doc. 281) denying Symetra's Partial Motion for Summary Judgment on ERISA is **VACATED IN PART** as it relates to the issue

of whether Luke Adams Agency created an employee benefits plan subject to ERISA.

3. Symetra's Partial Motion for Summary Judgment on ERISA (Doc. 200) is **GRANTED**.

4. Within **30 days** of the filing date of this Order, the parties shall file a Joint Report addressing whether Plaintiff will file claims under ERISA. If Plaintiff decides to proceed under ERISA, the parties shall propose deadlines for the remainder of this case and discuss the status of any pending discovery matters in light of this Order.

Dated this 28th day of September, 2021.

_____
Honorable Jennifer G. Zipps
United States District Judge