**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Luke Adams,<br><br>        Plaintiff,<br><br>v.<br><br>Symetra Life Insurance Company,<br><br>        Defendant. | No. CV-18-00378-TUC-JGZ<br><br>**ORDER** |

Pending before the Court is Plaintiff Robert Adams' Motion for Relief. (Doc. 361.) Defendant Symetra Life Insurance Company filed a Response. (Doc. 363.) For the following reasons, the Court will grant Adams' Motion for Relief.

**I.  Background**

On February 4, 2020, Symetra filed a motion for partial summary judgment, seeking a determination that ERISA governed Adams' policy. (Doc. 200.) Symetra argued that ERISA governed Adams' policy because TAA established a plan as an employee organization under ERISA and Adams established his own ERISA plan as an employer by providing his employees with benefits. (Doc. 200 at 7, 9.)

After the parties fully briefed the motion, (Docs. 200, 201, 226, 227, 240), Magistrate Judge Bowman issued a Report and Recommendation (R&R), recommending the denial of Symetra's motion. (Doc. 256 at 8.) Judge Bowman explained that ERISA did not govern the policy because TAA, not Adams, established and maintained the plan and TAA was not an employee organization under ERISA. (Doc. 256 at 5, 8.) Symetra

filed an Objection to the R&R, which was fully briefed, and the parties presented additional facts in their briefing. (Docs. 259, 266, 268, 281.) After considering the parties' filings, the Court adopted Judge Bowman's R&R. (Doc. 281.)

Symetra subsequently filed a motion to reconsider, arguing that Adams as an employer—either personally or as Adams Group PLLC or Luke Adams Agency—established or maintained an ERISA plan. (Doc. 285 at 8–10.) The Court granted Symetra's motion, vacated in part the Court's previous order as it related to whether ERISA governed Adams' policy, and granted Symetra's motion for partial summary judgment on ERISA. (Doc. 323.)

A short time later, the Ninth Circuit Court of Appeals reversed and remanded a similar district court order in *Steigleman v. Symetra Life Insurance Co.*—a case Symetra argued was nearly identical to Adams' case. In *Steigleman*, the appeals court held that Steigleman's payment of her employees' insurance premiums was not sufficient evidence to show that Steigleman established or maintained an ERISA plan. *Steigleman v. Symetra Life Ins. Co.*, No. 21-15613, 2022 WL 912255, at *1 (9th Cir. Mar. 29, 2022). After the Ninth Circuit decision, Adams filed the pending motion for relief, requesting that this Court vacate its order concluding that Adams' plan was an ERISA plan. (Doc. 361.)

After two-and-a-half years of litigation on the ERISA issue, the Court hopes to move towards final resolution of this case, and expects the parties hope for the same. In their filings, the parties have reiterated the undisputed facts. Adams' employees accessed benefits through TAA and Adams paid for their premiums. (Doc. 201 ¶¶ 40–43; Doc. 226 ¶¶ 40–43.) TAA or MGC group was the plan administrator. (Doc. 227 at 13; Doc. 240 at 8.) TAA or MGC group set terms for eligibility, managed enrollment, and collected premiums. (Doc. 201 ¶¶ 35, 36, 38; Doc. 226 ¶¶ 35, 36, 38.) MGC group reviewed coverage options, formed benefits packages, and managed the filing of claims. (Doc. 201 ¶¶ 14, 45–46; Doc. 226 ¶¶ 14, 45–46.) At issue is whether Adams "established or maintained" an ERISA plan with his involvement in his employees' benefits.

///

## II. Discussion

Based upon an independent review of the record and legal authorities, including consideration of the *Steigleman* decision, the Court will vacate its previous finding that ERISA governed Adams' policy. A court may relieve a party from an order for any justifiable reason. Fed. R. Civ. P. 60(b). A district court may reconsider and vacate a past order upon motion or of its own will. *See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 351–52 (9th Cir. 1999). Reasons for reconsideration include matured judgment, re-reading the record, and a showing of new legal authority. *See id.*; LRCiv 7.2(g).

For ERISA to govern, a benefits plan must be "established or maintained" by an employer or employee organization:

> [A]ny plan, fund, or program which . . . is . . . ***established or maintained by an employer*** or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants . . . through the purchase of insurance or otherwise, . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment.

29 U.S.C. § 1002(1) (emphasis added).

The single act of an employer purchasing insurance for an employee does not necessarily establish or maintain an ERISA plan. *See, e.g.*, *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 12 (1987) ("To do little more than write a check hardly constitutes the operation of a benefit plan."); *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982) ("[N]o single act in itself necessarily constitutes the establishment of the plan."); *Kanne v. Connecticut General Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir. 1988) ("A bare purchase of insurance . . . does not by itself constitute an ERISA plan."); *Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco*, 546 F.3d 639, 650 (9th Cir. 2008) ("The fact that an employer makes . . . payments . . . do[es] not create an ERISA plan."). For instance, in *Golden Gate Restaurant Association*, a trade association argued that a city ordinance created an ERISA plan by requiring employers to make payments to a city for their

employees' benefits. 546 F.3d at 642–43. The court disagreed for two reasons. *Id.* at 650, 653. First, employers paying for employee benefits was insufficient to "create an ERISA plan." *Id.* at 650. Unless employers had some administrative discretion, they could not engage in the mismanagement of funds that Congress enacted ERISA to prevent. *Id.* at 650. Further, employers paying for employee benefits was insufficient to "establish[] or maintain[]" an ERISA plan. *Id.* at 653. Even when employers paid for benefits, they did not establish or maintain an ERISA plan because they neither controlled eligibility or coverage nor administered or negotiated benefits. *Id.* at 653–54.

The Ninth Circuit's unpublished decision in *Steigleman*, which involved facts nearly identical to those here,[1] is consistent with this holding. *See Steigleman v. Symetra Life Ins. Co.*, 2022 WL 912255, at *1. An employer—who was a Farm Bureau insurance agent like Adams—paid for her employees' insurance premiums, which the employees obtained through TAA. *Id.* The court held that this evidence was insufficient to show that the employer "established or maintained" an ERISA plan. *Id.* Particularly noteworthy to the court was the fact that the employer did not arrange for coverage, act as the plan administrator, or undertake other administrative tasks to maintain the plan. *Id.*

In the same way, the record here fails to show that Adams established or maintained an ERISA plan. Adams' involvement is limited to him paying for his employees' insurance premiums. (*See* Doc. 201 ¶¶ 40–43; Doc. 226 ¶¶ 40–43.) Adams was not the plan administrator. (*See* Doc. 227 at 13; Doc. 240 at 8.) He did not set terms for eligibility, manage enrollment, or collect premiums. (*See* Doc. 201 ¶¶ 35, 36, 38; Doc. 226 ¶¶ 35, 36, 38.) He did not research coverage options or develop benefits packages. (*See* Doc. 201 ¶ 14; Doc. 226 ¶ 14.) He also did not need to process claim forms or even complete the employer statement required when employees filed a claim. (*See* Doc. 201 ¶¶ 45–46; Doc. 226 ¶¶ 45–46.) The undisputed facts fail to show that Adams had the administrative discretion or duties necessary to establish or maintain an ERISA plan. *See Golden Gate*

---

[1] The Court recognizes that the Ninth Circuit's unpublished decision is not precedent but finds that the decision is persuasive. The facts in *Steigleman* so closely mirror those here that Symetra told the Ninth Circuit that its decision in *Steigleman* would "control the outcome" of this case. (Doc. 361-2 at 66.)

- 4 -

*Rest. Ass'n*, 546 F.3d at 650.

The cases Symetra cites are inapposite. (*See* Doc. 363 at 2–3.) In *Kanne*, the employer joined an employer group, which was formed as a trust entity pursuant to ERISA's requirements. 867 F.2d at 491, 493. The court held that ERISA governed in part because the trust entity fell under ERISA's definition of employer and acted as the plan administrator. *Id.* at 493. Adams was an employer but not the plan administrator. The court in *Kanne* also based its reasoning on the grounds that the safe harbor elements did not apply and the plan brochure expressly described the plan as an ERISA plan. 867 F.2d at 493. There is no need to apply the safe harbor elements here because Adams did not establish or maintain a plan. *See* 29 C.F.R. § 2510.3-1(j). The parties also present no evidence showing that TAA advertised its benefits as an ERISA plan.

Similarly, in *Crull* and *Fossen*, the employer paid premiums and acted as the plan administrator. *See Crull* v. *GEM Ins. Co.*, 58 F.3d 1386, 1388 (9th Cir. 1995); *Fossen v. Blue Cross & Blue Shield of Mont., Inc.*, 660 F.3d 1102, 1109–10 (9th Cir. 2011). Here, Adams paid premiums but was not the plan administrator.[2] That fact by itself is insufficient evidence to show that Adams established or maintained an ERISA plan.[3]

**III. Conclusion**

**IT IS ORDERED**:

1. Plaintiff Robert Adams' Motion for Relief (Doc. 361) is **GRANTED**.
2. The November 2, 2020 Order (Doc. 323) granting Symetra's Partial Motion for Summary Judgment on ERISA is **VACATED**.
3. Symetra's Partial Motion for Summary Judgment on ERISA (Doc. 200) is **DENIED**.
4. Plaintiff Robert Adams' Motion for the Inclusion of Evidence in the

---

[2] To the extent that Symetra presented a new legal theory at Oral Argument, the Court declines to consider it, and limits its analysis to the issue raised in the pending motion.

[3] In the *Steigleman* case, the appeals court remanded for resolution of a factual dispute: whether Steigleman imposed stricter eligibility criteria for her employees than TAA did. No similar argument was presented in Adams' case and the parties have not identified any remaining factual disputes.

Administrative and Extrinsic Records (Doc. 347) is **DENIED** as moot.

5. A telephonic status conference is set for October 13, 2022, at 2:00 p.m. Prior to the conference, the parties must meet to discuss and propose deadlines for resolving the remaining issues in this case, including preparation of a joint pretrial order identifying issues for trial, and the scheduling of a trial. To the extent the pleadings are inconsistent with the Court's rulings in this action, the Court notes that a pretrial order would supersede the pleadings and control the presentation of issues at trial. *See* Fed. R. Civ. P. 16(d); *Donovan v. Crisostomo*, 689 F.2d 869, 875 (9th Cir. 1982); *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 368 (9th Cir. 1985). The parties are directed to file a Joint Report setting forth their proposed deadlines for resolution of the case three days prior to the status conference.

Dated this 19th day of September, 2022.

_____
Honorable Jennifer G. Zipps
United States District Judge