**Lewis Roca Rothgerber Christie LLP**
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

Stephen M. Bressler (State Bar No. 009032)
Direct Dial: 602.262.5376
Email: SBressler@lewisroca.com

Todd D. Erb (State Bar No. 027122)
Direct Dial: 602.262.5726
Email: TErb@lewisroca.com

Nicole G. True (State Bar No. 032576)
Direct Dial: 602.262.5389
Email: NTrue@lewisroca.com

*Attorneys for Symetra Life Insurance Company*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Robert "Luke" Adams, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Symetra Life Insurance Company, an Iowa corporation,<br><br>Defendant. | No. CV-18-cv-00378-TUC-JGZ<br><br>**MOTION FOR CLARIFICATION OF THE COURT'S SEPTEMBER 19, 2022 ORDER (DOC. 372)** |

  Defendant Symetra Life Insurance Company seeks clarification regarding footnote 2 from the Court's September 19, 2022 Order. (Doc. 372) That footnote stated: "To the extent that Symetra presented a new legal theory at Oral Argument, the Court declines to consider it, and limits its analysis to the issues raised in the pending motion[1]." (Doc. 372 at 5 n.2.) The Court's footnote does not reference any particular theory. Presumably, the Court's footnote was occasioned by a comment made by Plaintiff's counsel at the oral argument. After Symetra presented arguments, Plaintiff's counsel stated in rebuttal that one of Symetra's arguments was "new." Because Plaintiff's counsel made this argument in rebuttal, Symetra did not have an opportunity to respond to the suggestion it had made a new argument, and it appears the Court may have accepted Plaintiff's position.

  If prior experience is a guide, Plaintiff likely will argue in any subsequent appeal to the Ninth Circuit that the Court's footnote constitutes a finding that Symetra waived an

---
[1] Plaintiff's Motion For Relief From Order (Doc. 323) Granting Defendant's Motion For Reconsideration (Doc. 281)

1  argument in this Court, and that the waiver should be reviewed highly deferentially on
2  appeal.  In the event this was not the Court's intent, Symetra respectfully requests
3  clarification.  Clarification also is necessary because, (1) the argument Plaintiff claimed
4  was a new argument was not a new argument; (2) even if it were, parties are not prohibited
5  from making new arguments in opposition to motions for reconsideration; and (3) the
6  allegedly "new" argument (whether or not truly new) cannot have been waived in this case
7  and is still very much at issue.

8       As an initial matter, Symetra did not make any legal arguments during oral
9  argument that were not otherwise raised in its response to Plaintiff's motion for relief from
10 order.  The argument Plaintiff claimed was new concerns ERISA's statutory definition of
11 employer found at 29 U.S.C. §1002(5), which provides that "[t]he term 'employer' means
12 any person acting directly as an employer, or indirectly in the interest of an employer, in
13 relation to an employee benefit plan; and includes a group or association of employers
14 acting for an employer in such capacity."  This means that TAA and mgc's activity in
15 establishing or maintaining an employee benefit plan was in the interest of the Luke Adams
16 Insurance Agency and attributable to Plaintiff.

17      This is not a novel or new argument.  The Ninth Circuit has repeatedly utilized this
18 definition to hold that an employer that offers coverage to its employees that it has obtained
19 from an organization, such as a multi-employer trust (MET) or a multiple employer welfare
20 arrangement (MEWA), has established or maintained an employee welfare benefit plan
21 even if the MET or MEWA performed all of the administrative work for that plan.  *See,*
22 *e.g.*, *Kanne v. Conn. Gen. Life Ins. Co.*, 867 F.2d 489 (9th Cir. 1988); *Crull v. GEM Ins.*
23 *Co.*, 58 F.3d 1386 (9th Cir. 1995); *Fossen v. Blue Cross & Blue Shield of Mont., Inc.*, 660
24 F.3d 1102 (9th Cir. 2011).  Symetra expressly raised that argument in its response to
25 Plaintiff's motion to vacate.  (Doc. 363 at 3:25–4:4.)

26      And, even if it had not, Plaintiff was wrong.  There is nothing that prohibited this
27 Court from considering it.

28

118975938.2

First, in this case, Symetra was initially the prevailing party. That is, it had won on summary judgment. (Doc. 323.) It was Plaintiff who sought to undo what the Court had previously held, by filing a motion for reconsideration. The principle of waiver applies (except in unusual circumstances) when a party *loses* a motion or case and then attempts to come back and have a second bite at the apple by presenting an argument it did not give the court a fair opportunity to consider. It does not, however, apply to the party that is *defending* against an attempt to undo something the court has previously done. For example, in appeals, the appellant usually can only make arguments to the court of appeals that it made below. The *appellee*, however, may seek affirmance on any ground apparent in the record. *Nw. Airlines, Inc. v. Cnty. of Kent, Mich.*, 510 U.S. 355, 356 (1994) ("A prevailing party may defend a judgment on any ground properly raised below, without filing a cross-petition, so long as that party seeks to preserve, and not to change, the judgment."); *Rivero v. City & Cnty. of S.F.*, 316 F.3d 857, 862 (9th Cir. 2002) ("[I]f the district court enters a judgment that denies all relief to a plaintiff, and the plaintiff appeals from that judgment, a defendant-appellee seeking to uphold the judgment need not cross-appeal and may urge affirmance on any ground appearing in the record.").

Similarly, motions for reconsideration are reserved for "a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence. LRCiv 7.2(g)(1). Thus, by definition, motions for reconsideration always require new material.

Second, Symetra's ERISA-preemption affirmative defense remains at issue in this case. The Court initially granted, but now has denied, Symetra's motion for summary judgment, meaning that the Court found there was no employee benefit plan based upon the arguments presented in Symetra's motion for summary judgment. In other words, Symetra argued it was entitled to a finding of ERISA preemption as a matter of law, and this Court has now disagreed. But that does not mean that Symetra is forever barred from continuing to pursue its defense of ERISA preemption. The Court has only held that Symetra did not establish the defense as a matter of law based upon the arguments it made

118975938.2

in its Motion for Summary Judgment; it has **not** entered judgment ***in favor of Plaintiff*** on Symetra's ERISA-preemption defense.  Nor could it have—Plaintiff did not move for summary judgment on that defense.

A party is never required to make any particular argument in a summary judgment motion to preserve it, and parties are free throughout a case to raise new legal or factual arguments in later briefing or at trial, even if those arguments were ***never raised*** in an earlier motion for summary judgment. *See Dillion v. Arizona*, No. CV 08–796–PHX–DGC, 2010 WL 3307309, at *2-3 (D. Ariz. Aug. 19, 2010) (holding defendants were permitted to raise legal and factual arguments in briefing before trial that had not been previously raised or addressed on summary judgment); *see also USA Petroleum Co. v. Atlantic Richfield Co.*, 13 F.3d 1276, 1283 n.8 (9th Cir. 1994) ("As Judge Easterbrook put it, when a defendant's summary judgment motion is limited, there is no rule that 'requires a party to include all issues in every motion for summary judgment on pain of surrendering the point.' *DeMallory v. Cullen*, 855 F.2d 442, 451 n.2 (7th Cir. 1988)."); *Hamm v. Nielsen*, No. CV 18-5702 PSG (JPRx), 2019 WL 3000656, at *5 (C.D. Cal. Mar. 29, 2019) ("[T]he Court does not believe that DHS's strategic decision to focus on other arguments in its successful summary judgment motion before the EEOC effects a waiver of arguments not raised.").

Moreover in *Steigleman*, the Ninth Circuit panel did not rule as a matter of law that there was no employee benefit plan.  It reversed summary judgment and remanded to the district court for further proceedings.  One issue the Ninth Circuit expressly left for the district court to address on remand was whether TAA and mgc's activity could be attributed to Ms. Steigleman under ERISA's definition of "employer" when it again address whether Ms. Steigleman established or maintained an ERISA plan. (Doc. 361-1 at 5 n.2.)[2]  Recognizing that Symetra's ERISA defense remained viable and "ha[d] not been waived," the *Steigleman* District Court ordered the parties to "file motions for summary

---

[2] It is unclear whether the Ninth Circuit panel fully understood the argument Symetra was making.  Its footnote was in the section on whether TAA was an employee organization that established an employee benefit plan.  Symetra did not make this argument with reference to whether TAA established or maintained an ERISA plan—it made it with reference to whether Ms. Steigleman established or maintained an ERISA plan.

118975938.2

- 4 -

judgment regarding the applicability of ERISA or a statement that a bench trial on this issue is necessary." *Steigleman v. Symetra Life Ins. Co.*, No. CV-19-08060-PCT-ROS, Doc. 171 at 1:15-24; 2:15-17.

Thus, neither Symetra's ERISA-preemption defense nor its argument based upon the definition of employer have been waived, and both continue to be viable in the case. It was fair game for Symetra to raise that argument when it was opposing Plaintiff's motion for reconsideration, to attempt to show the motion was futile. Symetra understands that this Court may not have been convinced and may even have determined that the issue is one for a later day. While Symetra disagrees, it seeks here only to ensure the record is clear so that the Court's footnote does not create unintended issues in any future appeal. Moreover, Symetra respectfully submits the Court should follow a similar procedure as the Court in in *Steigleman*, to resolve at the appropriate time whether ERISA preempts Plaintiff's state law claims, before the parties proceed to prepare for and complete a trial that may ultimately be unnecessary. *See* Fed. R. Civ. P. 1 ("[The Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

RESPECTFULLY SUBMITTED this 30th day of September, 2022.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: *s/Nicole G. True*
Stephen M. Bressler
Todd D. Erb
Nicole G. True
*Attorneys for Defendant*

118975938.2

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2022, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Steven C. Dawson – sdawson@dawsonandrosenthal.com

Anita Rosenthal – arosenthal@dawsonandrosenthal.com

Sander R. Dawson – sander@dawsonandrosenthal.com

Aaron M. Dawson – aaron@dawsonandrosenthal.com

Scott E. Davis – davis@scottdavispc.com

By: *s/Ashly White*

118975938.2