**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Luke Adams,<br><br>    Plaintiff,<br><br>v.<br><br>Symetra Life Insurance Company,<br><br>    Defendant. | No. CV-18-00378-TUC-JGZ<br><br>**ORDER** |

    Pending before the Court is Defendant Symetra Life Insurance Company's Motion for Clarification. (Doc. 373.) Symetra seeks clarification on footnote two of the Court's September 19, 2022 Order: "To the extent that Symetra presented a new legal theory at Oral Argument, the Court declines to consider it, and limits its analysis to the issue raised in the pending motion." (Doc. 372 at 5 n.2). Symetra asks that the Court clarify whether this footnote indicates that Symetra waived its argument that TAA and MGC group fall under ERISA's definition of employer because they purportedly acted in the interest of Luke Adams Insurance Agency. (Doc. 373 at 2.) In doing so, Symetra makes three contentions: (1) it did not present this argument for the first time at oral argument; (2) even if it did, parties may present new legal arguments in opposition to motions for reconsideration; and (3) Symetra did not waive this argument.

    First, Symetra did not raise this argument in its response to Adams' motion for reconsideration. (*See* Doc. 363.) Symetra cites its response to support the contention that it did raise this argument prior to oral argument:

> The Panel remanded to the *Steigleman* district court for resolution of that factual issue. In doing so, it specifically left open a legal point that the District Court could consider—whether TAA's and mgc's activity in establishing or maintaining an employee benefit plan was activity attributable to the Steigleman Insurance Agency because an ERISA statute defined employer to "mean[] any person acting directly as an employer, or indirectly in the interest of an employer…." 29 U.S.C. §1002(5). . . .
>
> Accordingly, even if the Ninth Circuit denies Symetra's petition for rehearing en banc, Symetra may still pursue its ERISA preemption defense.

(Doc. 363 at 3–4.) In its response, Symetra summarized the *Steigleman* holding and argued that it could still pursue its ERISA defense despite its unsuccessful motion for summary judgment. Nowhere in this section or the response does Symetra argue that TAA or MGC group acted on behalf of Adams, fall under ERISA's definition of "employer," and thus established and maintained an ERISA plan as the "employer." Nowhere in this section does Symetra even mention or discuss Adams or his business.

Second, whether parties may present new arguments on a motion for reconsideration is not the issue. At issue is whether parties may present new arguments at oral argument. As stated in footnote two of its September 19, 2022 Order, the Court declined to consider any arguments Symetra raised for the first time at oral argument. *See Health Indus. Bus. Commc'ns Council Inc. v. Animal Health Inst.*, 481 F. Supp. 3d 941, 961 n.7 (D. Ariz. 2020) (citing *Valentine v. City of Chicago*, 452 F.3d 670, 680 (7th Cir. 2006) ("[A]rguments raised for the first time at oral argument are waived.")); *Acasio v. Lucy*, No. 14-CV-04689-JSC, 2017 WL 1316537, at *10 (N.D. Cal. Apr. 10, 2017) ("It is even more unfair and prejudicial to raise new arguments and authorities for the first time at oral argument, taking the opposing party by surprise and affording no opportunity to respond whatsoever.").

Finally, the Court did not hold that Symetra cannot present the aforementioned ERISA argument at trial. Symetra moved for summary judgment on the issues of ERISA, insurance bad faith, and punitive damages. (Docs. 200, 202.) The Court denied those motions. (Docs. 281, 372.) Symetra may still present arguments related to those issues at trial. The parties shall therefore meet and confer regarding the joint pretrial order pursuant

to the Court's September 19, 2022 Order.

**IT IS ORDERED** that Defendant Symetra Life Insurance Company's Motion for Clarification is **GRANTED**.

Dated this 3rd day of October, 2022.

Honorable Jennifer G. Zipps
United States District Judge